NOT FOR PUBLICATION OR CITATION

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

CIVIL ACTION NO. 06-CV-263-KKC

JOHN ROBERT LONG                                                                              PETITIONER

VS:                             **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                              RESPONDENT

\*\*     \*\*     \*\*     \*\*     \*\*

John Robert Long ("Long"), a *pro se* petitioner, is incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 district court filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

Long was convicted on July 13, 1994, on five counts of armed bank robbery under 18 U.S.C. §2113(a), (d), and on five counts of carrying a firearm during the commission of those crimes under 18 U.S.C. §924(c). He was sentenced on October 5, 1994, to 70 months' incarceration on the robbery counts, 60 months' incarceration on another robbery count to run consecutively to the sentence already imposed, and 240 months' incarceration on each of four firearm counts, each to run consecutively to the sentences already imposed and to each other, for a total term of incarceration of 1080 months. Long was also sentenced to a 60-month term of supervised release. His projected release date is January 22, 2073.

Long filed a notice of appeal, but his conviction was affirmed on June 4, 1996, by the Court of Appeals for the Eleventh Circuit. The Supreme Court denied *certiorari* on November 4, 1996. The sentencing court denied Long's first motion under Section 2255 on November 22, 1998, and the Eleventh Circuit denied him a certificate of appealability on November 2, 1999. The Supreme Court denied *certiorari* on March 6, 2000. The Eleventh Circuit denied Long's second motion under Section 2255 on May 11, 2006. *United States v. Long*, 93-CR-14046, Southern District of Florida [Record Nos. 57, 70, 88, 116, 121 therein].

In his present sixty-page petition, Long attacks his conviction based on a number of events that occurred during his prosecution. These include allegations that the prosecutor elicited testimony that he knew to be false; that evidence used against him lacked a clear chain of custody and was altered before trial; that the courtroom acoustics were so poor that the jurors were unable to hear certain trial testimony; and that a magistrate judge presided over a portion of the trial.

**DISCUSSION**

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Long challenges the legality of his conviction, he ordinarily would raise this claim through a post-conviction motion under 28 U.S.C. §2255. However, Long has invoked the "savings clause" of Section 2255, 28 U.S.C. §2255, ¶5, by asserting that his remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention" in order to invoke this Court's jurisdiction under Section 2241. It does not appear from the Court's review of the record in Long's prior legal proceedings that Long has presented these claims in prior post-conviction motions under Section 2255 and been denied relief by the trial court in Tennessee; the Court must therefore determine whether his remedy under Section 2255 is "inadequate or ineffective" before he is entitled to its consideration of his claims on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the

3

criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

In the instant case, Long attacks his conviction based upon certain conduct and events that occurred during his prosecution. However, this Court cannot reach the merits of Long's claims because they are not claims of "actual innocence"--even if true, Long does not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence."). Because the claims in Long's habeas corpus petition do not present a facially-valid claim that he is actually innocent of the offense charged, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Long's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 12th day of July, 2006.

Signed By:
*Karen K. Caldwell*   KKC
**United States District Judge**